**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**FRANK J. ANDREWS, Jr. and**
**DAVID J. STROUD,**

                Plaintiffs,

                                                      **Case No. 09-C-718**

      -vs-

**JP MORGAN CHASE BANK, N.A.,**

                Defendant.

---

## DECISION AND ORDER

---

This action for a declaratory judgment relates to a previously-filed, ongoing case that arose when the Wisconsin State Fair Park Board ("State Fair Park" or the "Board") demanded payment under a letter of credit secured by Milwaukee Mile Holdings, LLC. *Milwaukee Mile Holdings, LLC v. State Fair Park*, No. 09-CV-3386 (Wisconsin Circuit Court, Dane County). The above-captioned defendant, J.P. Morgan Chase Bank ("Chase"), issued the letter of credit. The above-captioned plaintiffs, Frank J. Andrews, Jr. ("Andrews") and David J. Stroud ("Stroud") (collectively the "guarantors"), are Milwaukee Mile investors who guaranteed reimbursement to Chase if the Board demanded payment under the letter of credit.

Chase moves to dismiss this action in deference to the ongoing state court proceedings pursuant to *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) and *Brillhart v. Excess Ins. Co.*

*of America*, 316 U.S. 491 (1942) ("*Wilton/Brillhart*"). For the reasons that follow, this motion is denied.

District courts have "broad discretion" to abstain under *Wilton/Brillhart. Nissan North Am., Inc. v. Andrew Chevrolet, Inc.*, 589 F. Supp. 2d 1036, 1039 (E.D. Wis. 2008). "This is due, in part, to the permissive nature of the federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), which provides that a federal district court '*may* declare the rights and other legal relations of any interested party' in a case falling within its jurisdiction." *Id.* (emphasis in original). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288. Ordinarily, it is considered "uneconomical" as well as "vexatious" for a federal court to proceed in a declaratory judgment suit where a parallel state court proceeding is pending. *Nissan North Am.* at 1041-42 (E.D. Wis. 2008) (citing *Royal Indemnity Co. v. Apex Oil Co.*, 511 F.3d 788, 793 (8th Cir. 2008)).

Courts examine the following factors[1] to determine whether abstention is appropriate under *Wilton/Brillhart*: (1) whether the declaratory suit presents a question distinct from the issues presented in the state court proceeding; (2) whether the parties to the two actions are identical; (3) whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount

---

[1] Chase argues for abstention under *Wilton/Brillhart*, but erroneously discusses the factors relevant to abstention under *Colo. River Conservation Dist. v. United States*, 524 U.S. 800 (1976). *Colorado River* does not apply because this is an action for declaratory judgment. *United Artists Theatre Circuit, Inc. v. F.C.C.*, 147 F. Supp. 2d 965, 977 (D. Ariz. 2000).

to duplicative litigation; and (4) whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum or at another time. *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995). If the federal court action is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata," declaratory judgment serves no useful purpose. *NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 579 (7th Cir. 1994).

Chase argues that both actions seek the same ruling: that Chase should not have made payment under the letter of credit. This is incorrect. In state court, Milwaukee Mile alleges claims against State Fair Park for fraud, intentional misrepresentation, and breach of contract. Complaint, D. 16-2. Accordingly, the ultimate issue in state court is whether State Fair Park is liable to Milwaukee Mile because State Fair Park wrongfully demanded payment pursuant to the letter of credit. By contrast, in the instant case, Andrews and Stroud, who guaranteed the letter of credit and assumed their own contractual obligations as guarantors, request a declaration that they are not individually liable to Chase for the payments that Chase made to the Board pursuant to the letter of credit. Stated another way, Andrews and Stroud allege that they "are not liable to Chase for the payment it [*i.e.*, Chase] made to the [State Fair Park] Board under the Amendment to the Letter of Credit *regardless of whether Chase was obligated to the Board to make that payment*." First Amended Complaint, ¶ 20 (emphasis added). If the Court proceeds to judgment and declares that Andrews and Stroud are (or are not) liable to Chase, such a ruling would not interfere with the state court litigation because the guarantors' liability to Chase is not relevant to the state court litigation.

-3-

Moreover, the parties to this litigation aren't even involved in the state court litigation. Chase was only a party in state court to the extent that Milwaukee Mile sought to enjoin Chase from making payment under the letter of credit. The circuit court dismissed Chase from the lawsuit after it denied Milwaukee Mile's request for injunctive relief. *Milwaukee Mile Holdings v. Wis. State Fair Park*, No. 09 CV 3386 (Wis. Circuit Court, Dane County) (July 21, 2009 Order Granting Reconsideration and Denying Temporary Restraining Order) (D. 16-4). Milwaukee Mile's appeal was dismissed,[2] and in the absence of an injunction or court order, Chase paid the Board pursuant to the letter of credit. Meanwhile, the Court stayed briefing on Chase's motion to dismiss here in federal court while the circuit court considered State Fair Park's motion to dismiss on sovereign immunity grounds. After the circuit court denied the motion to dismiss, Chase sought to rejoin the state court litigation by filing a third party complaint against Andrews and Stroud. The circuit court recently denied Chase's motion to intervene on judicial estoppel grounds. May 4, 2010 Decision and Order Denying Motion to Intervene, D. 41. If the circuit court had allowed Chase to intervene and bring claims against Andrews and Stroud, the Court would have stayed this matter in deference to the state court litigation. As it stands, the federal lawsuit involves distinct issues and completely different parties. It is not duplicative of the state court litigation.

---

[2] *Milwaukee Mile Holdings v. Wis. State Fair Park*, 2009 AP 1913 (Ct. App. Aug. 19, 2009) (D. 16-6).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Chase's motion to dismiss [D. 13, 32] is **DENIED**; and

2. Plaintiffs' motion to amend their complaint [D. 36] is **GRANTED**. Plaintiffs' first amended complaint [D. 30] is deemed filed as of the date of this order.

Dated at Milwaukee, Wisconsin, this 12th day of May, 2010.

**SO ORDERED,**

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**