# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

FRANK J. ANDREWS, Jr. and
DAVID J. STROUD,

        Plaintiffs,

        -vs-

**Case No. 09-C-718**

JP MORGAN CHASE BANK, N.A.,

        Defendant/Third-Party Plaintiff,

        -vs-

MILWAUKEE MILE HOLDINGS, LLC and
MILWAUKEE MILE MARKETING, LLC,

        Third-Party Defendants.

## DECISION AND ORDER

In reviewing the record in this case for purposes of resolving the pending motion for summary judgment, the Court has discovered numerous flaws in the parties' jurisdictional allegations. The errors are detailed below.

- In their amended complaint for declaratory relief, Frank Andrews and David Stroud allege that they "reside" in California. A complaint asserting diversity jurisdiction must allege citizenship, not merely residence. *Meyerson v. Harrah's East Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

- Andrews and Stroud further allege that JP Morgan Chase Bank, N.A. is a "New York corporation doing business in the Eastern District of Wisconsin." To assert diversity jurisdiction over a corporation, the complaint must allege the state of incorporation *and* the corporation's principal place of business. *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006); 28 U.S.C. § 1332(c)(1).

- Even though Andrews and Stroud allege that the Bank is a "corporation," the Bank's third-party complaint alleges that it is a "national banking association organized under the laws of the United States. For purposes of diversity jurisdiction, it is located in Columbus, Ohio, which is the main office listed in its articles of association." This is yet another insufficient jurisdictional allegation. *Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 994 (7th Cir. 2001) ("for purposes of 28 U.S.C. § 1348 a national bank is 'located' in, and thus a citizen of, the state of its principal place of business *and* the state listed in its organization certificate") (emphasis added).

- Finally, the Bank's third-party complaint asserts claims against Milwaukee Mile Holdings ("MMH") and Milwaukee Mile Marketing ("MMM"), both of which are Limited Liability Companies ("LLCs"). The Bank alleges that MMH is a Wisconsin LLC whose "registered agent" is located in Milwaukee. The Bank also alleges that MMM is a Wisconsin LLC with an address in West Allis, Wisconsin. The Bank must allege more to invoke diversity jurisdiction. "For an LP, LLC, or similar organization, the citizenship of every investor counts. If even one investor in an LP or LLC has the same citizenship as any party on the other side of the litigation, complete diversity is missing and the suit must be dismissed." *White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011) (internal citations omitted).

Pursuant to 28 U.S.C. § 1653, the parties must cure their defective jurisdictional allegations within **ten (10)** days of the date of this Order. If the parties do nothing within that time frame, this matter will be dismissed for want of jurisdiction.

Dated at Milwaukee, Wisconsin, this 13th day of January, 2012.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**