# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**FRANK J. ANDREWS, Jr. and**
**DAVID J. STROUD,**

                     Plaintiffs,

                                            **Case No. 09-C-718**

        -vs-

**JP MORGAN CHASE BANK, N.A.,**

                     Defendant.

---

## DECISION AND ORDER

---

The trial in this matter is scheduled to commence on June 11, 2012. JP Morgan Chase Bank moves to strike the plaintiffs' jury demand on the grounds of contractual waiver. Whether a jury trial waiver in a contract is enforceable is controlled by the state law that governs the contract. *IFC Credit Corp. v. United Business & Indus. Fed'l Credit Union*, 512 F.3d 989, 991-92 (7th Cir. 2008). In Wisconsin, the waiver of a fundamental constitutional right requires a knowing, intelligent and voluntary waiver, and it is the Bank's burden to establish the validity of the waiver. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 311-12 (Wis. 2010). The Bank cannot meet this burden because, as the Court already held, there is an issue of fact as to whether the guarantees which include the jury trial waiver were fraudulently induced. ECF No. 118, February 17, 2012 Decision and Order at 8; 2010 WL 529591, at *4.

Also before the Court are three motions in limine filed by Andrews and Stroud. First, the plaintiffs move to exclude any evidence of, or argument or reference to, settlement offers or discussions conducted between any of the current or former parties to this action. JP Morgan does not oppose this motion to the extent that it is mutual (i.e., plaintiffs are also barred from presenting such evidence) and covers only those settlement offers and negotiations properly subject to Federal Rule of Evidence 408. The Court will grant the plaintiffs' motion, so far as it goes, but it is apparent that this motion is relatively useless without a formal proffer of evidence, so the Court may be forced to revisit the issue at trial.

Plaintiffs also move for an order precluding the Bank from calling any witness at trial who was neither disclosed in JP Morgan's initial disclosures, not identified on JP Morgan's witness list served pursuant to the Court's Scheduling Order, or not deposed in this case. The Bank opposes this motion only as it applies to its records custodian, Michael Varzally. If a party fails to make a proper witness disclosure, Fed. R. Civ. P. 26(a)(1)(A)(i), courts examine the following factors to determine whether the witness should be excluded: (1) prejudice or surprise to the party's opponent; (2) whether the prejudice can be cured; (3) the likelihood of disruption; and (4) bad faith or willfulness in not complying. *Lyman v. St. Jude Medical S.C., Inc.*, 580 F. Supp. 2d 719, 729 (E.D. Wis. 2008). It appears that Mr. Varzally will only be used as a foundation witness to authenticate JP Morgan's business records, not to testify regarding the merits of this case. Therefore, JP Morgan will not be prejudiced by the use of Mr. Varzally at trial. Plaintiffs' motion is denied to the extent that it applies to Mr. Varzally.

Finally, the plaintiffs move to exclude any evidence of, or argument or reference to, decisions or orders entered in *Milwaukee Mile Holdings, LLC v. Wis. State Fair Park*, Case No. 09-C-3386 (Dane County Circuit Court). Andrews and Stroud argue that this evidence would be irrelevant and prejudicial, *see e.g. Fisher v. Krajewski*, 873 F.2d 1057, 1061-64 (7th Cir. 1989), but without knowing exactly how or why the Dane County case might be referenced, or what type of evidence would be presented with respect to that case, the Court has no basis for issuing a blanket order of exclusion. Moreover, since the Dane County litigation is still pending and involves completely different parties, it is unclear how allowing such evidence would "usurp[] the jury's freedom to assess the credibility of each and every witness." *Id.* at 1063; *Coleman Motor Co. v. Chrysler Corp.*, 525 F.2d 1338, 1351 (3d Cir. 1975) (a "jury is likely to give a *prior verdict against the same defendant* more weight than it warrants") (emphasis added). On the other hand, as the Court observed when denying the Bank's motion to dismiss in deference to the action in Dane County, the ultimate issues in these cases do not overlap, so it is hard to imagine how any evidence pertaining to the Dane County litigation would be relevant at trial. ECF No. 42, May 12, 2010 Decision and Order at 3 ("the ultimate issue in state court is whether State Fair Park is liable to Milwaukee Mile because State Fair Park wrongfully demanded payment pursuant to the letter of credit. By contrast, in the instant case, Andrews and Stroud, who guaranteed the letter of credit and assumed their own contractual obligations as guarantors, request a declaration that they are not individually liable to Chase for the payments that Chase made to the Board pursuant to the letter of credit. . . . If the Court proceeds to judgment and declares that Andrews and

-3-

Stroud are (or are not) liable to Chase, such a ruling would not interfere with the state court litigation because the guarantors' liability to Chase is not relevant to the state court litigation"); 2010 WL 1930184, at *2. In any event, the Court will defer ruling on this issue until trial, if necessary.

NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:

1. JP Morgan's motion to amend the scheduling order/strike the jury demand [ECF No. 122] is **DENIED**;

2. Plaintiffs' motions in limine [ECF No. 120] are **GRANTED-IN-PART** and **DENIED-IN-PART**, consistent with the foregoing opinion; and

3. The Clerk of Court is directed to amend the docket sheet of this case to reflect that JP Morgan's third-party complaint against Milwaukee Mile Holdings and Milwaukee Mile Marketing was dismissed, see ECF No. 118 at 2.

Dated at Milwaukee, Wisconsin, this 4th day of May, 2012.

BY THE COURT:

_Rudolph T Randa_

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**