# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FRANK J. ANDREWS, Jr. and**
**DAVID J. STROUD,**

        Plaintiffs,

  -vs-                                  Case No. 09-C-718

**JP MORGAN CHASE BANK, N.A.,**

        Defendant.

## DECISION AND ORDER

      This matter relates to the payment obligations of Frank Andrews and David Stroud, who guaranteed repayment to JPMorgan Chase Bank on a letter of credit issued in favor of the Wisconsin State Fair Park Board. On the eve of trial, the parties reached a settlement agreement, the terms of which were read into the record on June 11, 2012. The parties agreed to the entry of judgment in the amount of $3,450,000 against Andrews and Stroud, but the Bank agreed not to enforce that judgment for one and one-half years (until December 11, 2013). Andrews and Stroud are also entitled to satisfy the judgment by paying smaller sums to the Bank within that 18 month window. The parties do not dispute these aspects of the settlement. However, Andrews and Stroud agreed to provide "personal financial statements to the bank every six months," and the parties are at an impasse regarding how detailed these statements must be. The Bank moves for clarification on this issue. The Court

may exercise jurisdiction to clarify the terms of the settlement agreement because this case has not been formally dismissed. *Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002).

Andrews and Stroud argue that the term "personal financial statements" should mean the same thing it meant pursuant to the guaranties, under which they were required to provide "personal financial statements" on a quarterly basis. The parties' prior dealings or "course of performance" can inform the meaning of an ambiguous contract. *Zweck v. D P Way Corp.*, 234 N.W. 2d 921, 926 (Wis. 1975). However, the "meaning of [a] particular provision[] in [a] contract is to be ascertained with reference to the contract as a whole." *Folkman v. Quamme*, 665 N.W. 2d 857, 866 (Wis. 2003). In addition to the above-described provisions, the settlement agreement also provides that the "net proceeds of the sale of any assets owned by Mr. Andrews and Mr. Stroud will be paid to [the Bank] towards satisfaction of the settlement agreement . . . if sold prior to 1½ years after June 11, 2012, otherwise against satisfaction of the judgments . . ." Agreement, ¶ 4. Pursuant to these terms, the Bank is entitled to more detailed financial information so it can track the sale of assets and, if necessary, execute on the judgment. By contrast, the purpose of providing financial statements pursuant to the guaranties was to illustrate the guarantors' liquid net worth as security for the credit issued by the Bank. Therefore, the parties' course of performance under the guaranties is not relevant in the context of the settlement agreement. In this respect, the primary "course of performance" case cited by Andrews and Stroud, *Cutler-Hammer, Inc. v. Indus. Comm'n*, 109 N.W. 2d 468 (Wis. 1961), is easily distinguished

-2-

Case 2:09-cv-00718-RTR    Filed 11/13/12    Page 2 of 3    Document 149

because it involved the interpretation of successive collective bargaining agreements, not two agreements with divergent purposes.

The Bank also seeks clarification regarding the commencement of the 18 month forbearance period. The Court agrees with the Bank that this period started running on June 11, 2012.

**IT IS HEREBY ORDERED THAT** the Bank's motion to clarify the settlement agreement [ECF No. 140] is **GRANTED**.

**IT IS FURTHER ORDERED THAT** the forbearance period on execution of the stipulated judgment commenced on June 11, 2012.

**IT IS ALSO ORDERED THAT** the settlement agreement's provision regarding personal financial statements means that Andrews and Stroud must provide information sufficient to enable the Bank to locate the assets described in those statements and to confirm that Andrews and Stroud pay over the net proceeds of the sale of their assets to the Bank.

Dated at Milwaukee, Wisconsin, this 13th day of November, 2012.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**